**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

CASEY SPRACKLIN, et al.,          )
                                   )
     Plaintiffs,              )
                                   )
vs.                                )          Case No. CIV-07-0023-F
                                   )
CITY OF BLACKWELL, a political     )
subdivision of the State of Oklahoma, )
                                   )
     Defendant.               )

## <u>ORDER</u>

"Defendant's Motion for Summary Judgment" filed June 1, 2007 (doc. no. 17) and "Plaintiff's Alternative Rule 56(f) Motion," filed June 19, 2007 (doc. no. 23), are before the court. A response has been filed to defendant's motion. No reply has been filed with respect to that motion. No response has been filed, or is yet due, with respect to plaintiff's Rule 56(f) motion. Upon review, however, the court has concluded that no response is necessary with respect to the Rule 56(f) motion.

Defendant's motion is styled as one for summary judgment, presumably because when defendant was given leave to challenge plaintiffs' 42 U.S.C. § 1983 claim, the only federal claim, defendant was expressly given leave to move for summary judgment.[1] Defendant's arguments in support of its motion for summary judgment, however, are that the federal claim fails to state a claim for relief under §1983. Accordingly, in determining defendant's motion, the court applies the standards of a motion to dismiss. Rule 12(b)(6), Fed. R. Civ. P. This determination moots plaintiff's Rule 56(f) motion, which will be stricken.

---

[1]At the status conference, the court also requested that defendant's brief explain why there is federal jurisdiction. Defendant has done so, and the court agrees that this case was properly removed and that, at least at this stage, there is federal jurisdiction due to the existence of the federal claim.

The standards for evaluating a motion to dismiss are well established.   Courts must accept as true all well-pleaded facts and view those facts in the light most favorable to the non-moving party.   Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).   The court must construe the plaintiffs' allegations liberally because the rules require only general or notice pleading rather than detailed fact pleading, so as to do substantial justice.   United States v. Uvalde Consol. Indp. Sch. Distr., 625 F.2d 547, 549 (5th Cir. 1980).   A claim should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.   Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The petition sets out four claims, the first three based on state law and the fourth brought through § 1983 and alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution.   The fourth claim incorporates all facts alleged elsewhere in the petition.   Accordingly, facts alleged in support of plaintiffs' federal claim include the following.

The petition alleges that the city failed to take corrective action and hung up on plaintiffs when plaintiffs called the city regarding flooding of plaintiffs' downtown building by black water and solid raw sewage from the city's sewer system.   The petition alleges that in addition to damaging plaintiffs' property rights in their building, the city's actions resulted in the loss of 42 vehicles which plaintiffs had stored in the basement of their building.   The petition further alleges that the city has a pattern of harassing plaintiffs as shown by allegations that plaintiffs have been ticketed in a manner others have not been.   The petition alleges that the city turned off the electricity in the plaintiffs' building despite plaintiffs advising the city that plaintiffs' electrician was available to meet for inspection of the building.   The petition alleges that, as a result, plaintiffs have been required to use a generator to supply electricity to their building since October 6, 2005.

The federal claim alleges that the above-described actions were taken under color of law by the city.  The federal claim alleges that the challenged actions were intentional, in gross disregard of plaintiffs' rights, arbitrary and capricious, made in bad faith, made out of spite and animus, and were committed with deliberate indifference to plaintiffs' property rights.  The federal claim also alleges the challenged actions were directed or approved by those who established policy for the city.

The city correctly argues that the Supreme Court has been reluctant to treat the Fourteenth Amendment and § 1983 as "a font of tort law." Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005); *see also*, Wise v. Bravo, 666 F.2d 1325, 1335 (10th Cir. 1981)(trespass to property alleged under § 1983 and predicated on allegation police officer entered property without consent or process of law, did not state a claim; trespass, whether negligent or intentional, is a common law tort and does not infringe the federal constitution).  Nevertheless, an arbitrary deprivation of an individual's property right can violate the substantive component of the Due Process Clause of the Fourteenth Amendment. Clark v. City of Draper, 168 F.3d 1185, 1190 (10th Cir. 1999).  To be actionable under § 1983, a substantive due process claim must represent more than an ordinary tort. *Id.*  Such a claim must allege conduct that shocks the conscience. *Id.*, citing Collins v. City of Harker Heights, 503 U.S. 115, 126 (1992).  To reach that level, the challenged government action must be deliberate, rather than merely negligent. *Id.*, citing Collins at 127 n.10.

The city also argues that there is no § 1983 claim because plaintiffs' remedies are sufficient under state law.  In response, plaintiffs point out that the petition alleges the federal claim as an alternative to their state law claims.  As explained in plaintiffs' response brief, the alternative federal claim will be pressed only in the event that the complained of conduct is eventually proven to have been intentionally wrongful.  In that event, plaintiffs argue that their state law remedies will not be sufficient because,

under the Oklahoma Governmental Tort Claims Act, a governmental entity cannot be responsible for actions taken intentionally or in bad faith.

Applying the requirements for a substantive due process claim to the facts alleged in the petition in support of plaintiff's § 1983 claim, the court cannot conclusively say that no underlying conduct which shocks the conscience, or which was undertaken with the deliberate intention of depriving plaintiffs' of their property rights, has been alleged or can be proven.  At this stage, the court also is not prepared to conclude that plaintiffs' remedies at state law are sufficient as a matter of law so as to foreclose an alternative, federal claim.  Accordingly, the court finds that the fourth claim of the petition states a § 1983 claim for violation of plaintiffs' substantive due process rights, rights which are protected by the Fourteenth Amendment of the United States Constitution.[2]

As plaintiffs have stated a federal claim for relief, defendant's motion for summary judgment on plaintiffs' fourth claim is **DENIED**.  Plaintiffs' Rule 56(f) motion is **STRICKEN** as moot.

Dated this 28th day of June, 2007.


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


07-0023p004(pub).wpd

---

[2]For purposes of determining whether this court should continue to exercise its jurisdiction based on the existence of a federal claim, it is not necessary to address, and the court does not address, the question of whether the petition states a claim under the Equal Protection Clause, or under the Fourth Amendment.  Plaintiffs have denied any intention to allege a procedural due process claim.